UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TINA EVANS,

    Plaintiff,

v.                         CASE #
UNUM GROUP CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, TINA EVANS (EVANS), sues Defendant, UNUM GROUP CORPORATION (UNUM), and states:

### Jurisdiction and Venue

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. §1132.

3. UNUM is an insurance UNUM licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. EVANS was at all relevant times employed by MCKINSEY & COMPANY, INC at a location within this District.

5. EVANS was at all relevant times employed by MCKINSEY & COMPANY, INC at a location within this District.

6. MCKINSEY & COMPANY, INC is the Plan Sponsor of an employee benefit plan providing disability benefits to its employees (the Plan).

7. At all relevant times, EVANS is and/or was a participant in the Plan incident to their employment.

8. Venue is proper within this District.

**Standard of Review Applicable to this ERISA Action**

9. MCKINSEY & COMPANY, INC funded its Plan by purchasing a group policy of insurance (Policy #451355) issued by UNUM. A copy of the Long Term Disability policy is attached hereto as Exhibit "A".

10. UNUM made benefits determinations under the group policy it issued, including the determination made on Plaintiff's claim.

11. The Plan's terms do not grant discretionary authority to UNUM. Alternatively, the Plan Administrator or Plan Sponsor did not properly delegate discretion to UNUM.

12. The Long Term Disability group policy was drafted in its entirety by UNUM.

13. The Long Term Disability group policy is a contract of adhesion.

UNUM and MCKINSEY & COMPANY, INC use the group insurance policy issued by UNUM (Exhibit A) as both the Plan document and policy language.

14. No other plan documents exist other than the group insurance policy (Exhibit A).

15. No originating plan document exists that instituted the Plan.

16. No originating plan document or other document exists in which UNUM reserved any discretionary authority to itself in relation to the Plan.

17. The employees or agents of UNUM and MCKINSEY & COMPANY, INC did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from MCKINSEY & COMPANY, INC to UNUM.

18. At the inception of the Plan, MCKINSEY & COMPANY, INC did not retain to itself the authority to delegate discretionary authority of any type to an insurance company from which it was to purchase an insurance policy to fund the Plan.

19. At the time it purchased the Long Term Disability group insurance policy from UNUM, MCKINSEY & COMPANY, INC did not have any discretionary authority which it could delegate to an insurance company.

20. There is no mention of any delegation of discretion to UNUM within the four corners of the Long Term Disability group insurance policy which funds the Plan.

21. UNUM was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because of one or more of the following:

    a) MCKINSEY & COMPANY, INC never had the authority to delegate discretion to UNUM following the inception of its disability plan;

    b) Discretionary authority is a material concept that UNUM never discussed or negotiated with MCKINSEY & COMPANY, INC;

    c) The Long Term Disability group insurance policy is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

    d) If it had the power to delegate discretion, MCKINSEY & COMPANY, INC did not properly delegate discretionary authority over claims decisions to UNUM.

22. De novo review applies to this action.

23. To the extent that this court determines that de novo review does not apply to this action, UNUM pays claims from its own general assets as the claims decision maker and funder of the group insurance policy, and UNUM operates under a conflict of interest.

24. UNUM is the Plan's claims administrator; handling claims under the insurance policy.

25. Any claims paid under the Long Term Group Insurance Policy, are paid by UNUM entirely from UNUM's assets.

26. No assets of MCKINSEY & COMPANY, INC are used to pay claims under the Long Term Disability group insurance policy.

## Claim for Disability Benefits Under the Plan

27. EVANS stopped working on June 25, 2016, due to symptoms from Multiple Sclerosis.

28. At all relevant times, a Plan participant is and was eligible to receive Long Term Disability benefits when the participant meets the following definition stated in the group insurance policy funding the Plan:

> "Disability" and "disabled" mean that because of injury or sickness:
> 1. the insured cannot perform each of the material duties of his regular occupation; or
> 2. the insured, while unable to perform all of the material duties of his regular occupation on a full-time basis, is:
>    a. performing at least one of the material duties of his regular occupation or another occupation on a part-time or full-time basis; and
>    b. earning currently at least 20% less per month than his indexed pre-disability earnings due to that same injury or sickness.

29. EVANS was approved for Long Term Disability benefits under the Plan and benefits began on December 26, 2016.

30. After almost six years, UNUM terminated EVANS' claim for Long Term Disability benefits on June 2, 2022.

31. The basis for UNUM's termination was that EVANS did not meet the Plan's definition of disability.

32. EVANS filed their appeal on September 6, 2022.

33. UNUM issued its final claim decision upholding the original termination on March 10, 2023.

34. At all relevant times, EVANS met the terms of the Plan's definition of "disabled."

35. EVANS' treating providers have not issued a release to return to work.

36. EVANS has met the definition of total disability based upon objective restrictions and limitations stemming from objective medical evidence and conditions.

37. UNUM has refused to pay the benefits sought by EVANS and as grounds for such refusal has alleged that Plaintiff does not meet the definition of disability in the Plan.

38. With respect to all claims made herein, EVANS has exhausted all administrative/pre-suit remedies.

39. EVANS is entitled to certain benefits under the Plan consisting of benefits for Long Term Disability from June 3, 2022, through the date of filing this action.

40. EVANS' net plan benefit is $1,145.55 per month.

41. There are 12.40 months of past-due monthly benefit payments owed through the date of filing this action.

42. UNUM has deprived EVANS of the aggregate sum of $14,477.60.

43. Plaintiff is entitled to benefits herein because:

   a) The benefits are permitted under the Plan.

   b) Plaintiff has satisfied all conditions to be eligible to receive the benefits.

   c) Plaintiff has not waived or relinquished entitlement to the benefit. Each monthly benefit payment owed is a liquidated sum and became liquidated on the date the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

   d) Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), EVANS is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent them in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

WHEREFORE, the Plaintiff, TINA EVANS, asks this Court to enter judgment against the Defendant, UNUM GROUP CORPORATION, a foreign corporation, finding that:

(1) The Plaintiff is entitled to Long Term Disability benefits from June 2, 2022, through the filing of this lawsuit; and

(2) The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from June 2, 2022, to the date of filing this lawsuit total of $14,477.60 together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

(3) The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

(4) For such other and further relief as this Court deems just and proper, including but not limited to:

　a. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without the need to file a new application for benefits, and

　b. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

    c. ordering Defendant to advise Plaintiff's former MCKINSEY & COMPANY, INC or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

Signed this 27th day of June 2023.

                                             **/s/ William C. Demas**
                                             WILLIAM C. DEMAS, ESQUIRE
                                             Florida Bar #142920
                                             Herman & Wells
                                             Email: bill@hermanwells.com
                                             5701 Park Blvd.
                                             Pinellas Park, FL 33781
                                             Telephone: 727-821-3195
                                             Facsimile: 877-395-1574
                                             Attorney and Lead Counsel for Plaintiff